UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MONIQUE TOLBERT** | **CASE NO. 2:22-CV-04948** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the Court is "Plaintiff's Rule 60(b)(6) Motion for Relief from the Court's Judgment Dismissing Plaintiff's Claims" (Doc. 39). Plaintiff Monique Tolbert, through counsel, seeks to vacate this Court's Judgment[1] and reinstate Plaintiff's claims in this matter against Defendant, Allied Insurance Company ("Allied"). Plaintiff asserts that her case was dismissed with prejudice because Plaintiff's prior counsel failed to comply with this Court's Case Management Order ("CMO"), failed to engage in settlement efforts or appear at a scheduled mediation, and then also failed to respond to Defendant's Motion to Dismiss this lawsuit.[2]

### BACKGROUND

On August 22, 2022, attorney, Harry Cantrell filed the instant lawsuit against Allied for alleged unpaid and underpaid amounts due to Plaintiff as a result of Hurricanes Laura and Delta. Allied was the insurer at the time of the alleged loss and Plaintiff was the policy holder of the property alleged to have sustained damage. It appears from the record that

---

[1] Doc. 31.
[2] The record reflects that Plaintiff was represented by Mark Ladd, Harry E. Cantrell, Jr., Dorothy L. Tarver, and Chinwe Onyenekwu prior to this case being dismissed. New counsel, Bradley Egenberg, Ben Berman, and Michael Sipos filed their first Motion to Enroll on October 10, 2024. Doc. 32.

Bruce Copland represented Plaintiff as her public adjuster as well as her liaison between her attorneys, Harry Cantrell, Mark Ladd, Dorothy Tarver, and Chinwe Onyenekwu, and the Galindo Law Firm.[3]

As in all of the Hurricane Laura and Delta cases, the matter was immediately assigned a CMO that required certain up-front disclosures and participation in the Streamlined Settlement Process ("SSP").[4] Harry Cantrell was the first attorney to represent Plaintiff. Thereafter, attorneys Mark Ladd and Chinwe Onyenekwu filed a Motion to Substitute in place of Harry Cantrell.[5] That motion was granted on October 17, 2023.[6] Attorney Onyenekwu was terminated pursuant to a motion on December 28, 2023.[7] On May 7, 2024, Attorney Dorothy L. Tarver filed a Motion to Substitute attorney Mark Ladd, which was granted on July 8, 2024.[8] At all times, Bruce Copeland communicated with Plaintiff; it appears he had referred Plaintiff to attorney Cantrell and the attorneys at the Galindo Law Firm and had direct contact with Plaintiff's retained attorneys.[9]

On July 30, 2024, almost two years post Hurricanes, Allied filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) grounded on Plaintiff's and Plaintiff's counsel's failure to comply with the Court's CMO, including not participating in the SSP, failing to provide initial disclosures, and failing to appear at a scheduled mediation.[10] The record reflects and Allied's opposition brief indicates that neither

---

[3] See Doc. 39-2, pp. 9- 20.
[4] Doc. 4.
[5] Doc. 18.
[6] Electronic Order 19.
[7] Electronic Order 21.
[8] Doc. 26.
[9] See Doc. 39-2, pp. 9- 20.
[10] Doc. 27.

Plaintiff, nor Plaintiff's counsel did anything to prosecute Plaintiff's claims. In Allied's motion to dismiss, it informed the Court that after Plaintiff and her counsel failed to appear at the scheduled mediation, Allied personally contacted Plaintiff about missing the scheduled mediation.[11] As such, Plaintiff was aware that there was a disconnect between her counsel and Allied's counsel, or that something was amiss regarding her counsel's prosecution of the case.

A Notice of Motion Setting was issued on July 30, 2024, that set briefing deadlines for the Motion to Dismiss.[12] The Notice required Plaintiff to file a response no later than August 13, 2024. This Court filed its Memorandum Ruling and Judgment on August 20, 2024, and granted Allied's request to dismiss the case with prejudice.[13] On that same day, Plaintiff personally filed an opposition to the Motion.

This Court granted Allied's Motion to Dismiss on August 20, 2024. Pursuant to Federal Rule of Civil Procedure 59, Plaintiff had until September 17, 2024, to file a motion for new trial. Additionally, Plaintiff failed to file a Notice of Appeal within 30 days of the Judgment pursuant to Federal Rule of Appellate Procedure 4.

On October 10, 2024, Plaintiff retained new counsel, and lastly, on May 28, 2025, over seven (7) months after dismissal of the lawsuit, Plaintiff through counsel has filed the instant Motion.[14]

---

[11] Defendant's exhibit 5, July email thread attached to Doc. 27-1.
[12] Doc. 28.
[13] Docs. 30 and 31.
[14] Doc. 39.

## **LAW AND ANALYSIS**

Federal Rule 60(b) permits a court to vacate a judgment only in "extraordinary circumstances," and is only granted if the moving party demonstrates "unusual or unique circumstances justifying such relief." *Shouest v. Home Depot USA Inc.*, 2024 WL 4930661 *2 (E.D. La. Dec. 2, 2024). "The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 2025 WL 1583305, at *4 (U.S. June 5, 2025). Plaintiff, relying on Rule 60 (b)(6)'s "catch-all provision,"[15] argues that her attorneys' "gross negligence" is an extraordinary circumstance that warrants reversal of the judgment of dismissal. Allied argues otherwise. Courts resist vacating a judgment unless "the movant is completely without fault such that the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought. 12 Moore's Federal Practice—Civil § 60.48(3)(b)(2921).

Allied points out that Plaintiff chose to mainly communicate with her alleged public adjuster, who had access to the filings in this case through PACER. At any time, Plaintiff could have terminated counsel when the case was not moving forward as she anticipated. However, Plaintiff waited until October 2024, to retain new counsel after this Court had already dismissed her case, and five months after Plaintiff discharged the attorneys with the Galindo Law Firm. Plaintiff also accessed PACER on August 14, 2024,[16] but chose not

---

[15] This provision provides that "the court may relieve a party ... from a final judgment for ... any other reasons [than those outline in subsections (1)-(50] that justifies relief. Fed. R. Civ. P. 60(b)(6).
[16] Doc. 39-2, p. 17.

to reach out to the Court or opposing counsel or file an extension to oppose the Motion to Dismiss. Additionally, Plaintiff had discharged the Galindo Law Firm before the Motion to Dismiss was filed but chose not to retain counsel or seek an extension. After the Court ruled to dismiss the case, Plaintiff chose not to appeal the case or move for a new trial. Finally, after Plaintiff filed a motion to enroll new counsel on October 10, 2024, the instant Motion was not filed until almost seven (7) months later and nine (9) months after the case was dismissed.[17]

As to prejudice, Allied informs the Court that over the past five (5) years, it has inspected and reinspected Plaintiff's property multiple times and issued payments in excess of $150,000.00 related to the Hurricanes. It proceeded as mandated by the CMO, attempted settlement discussions and mediation without Plaintiff's compliance, and ultimately obtained a dismissal. The Court agrees with Allied that in this matter the insurer would be duly prejudiced by vacating the Judgment and reopening this case.

Here, it appears that Plaintiff is seeking relief because she hired bad counsel, and over approximately a three-year period, she relied on her alleged public adjuster and attorney liaison. However, her choice of representatives is not an extraordinary circumstance that warrants reversal of the judgment of dismissal. Such an outcome would allow future litigants to reverse unfavorable judgments and/or verdicts because they chose counsel who failed them and/or other representatives that give them bad advice. This is not the spirit of Rule 60.

---

[17] See Docs. 30, 31, 34 and 39.

This case involves a Hurricane that made landfall in October 2020, almost 5 years ago.  Plaintiff had ample opportunity to seek counsel elsewhere but chose to continue relying on the "counsel" of Bruce Copeland and her chosen counsel. Plaintiff's complaints should be directed toward Bruce Copeland, Harry Cantrell, and the attorneys who represented her with the Galindo Law Firm.  See *Ackerman v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.")

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Plaintiff's Rule 60(b)(6) Motion for Relief from the Court's Judgment Dismissing Plaintiff's Claims (Doc. 39) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 18th day of June, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**